UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                               :

MARCIA M. REID,
                Plaintiff,           : 11 Civ. 1408 (GBD) (GWG)

     -v.-                       : <u>REPORT AND RECOMMENDATION</u>

HEBREW HOME FOR THE AGE,    :
                Defendant.
                               :
--------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Marcia M. Reid, proceeding <u>pro</u> <u>se</u>, alleges that defendant The Hebrew Home at

Riverdale[1] ("Hebrew Home") discriminated against her by failing to hire her on account of her

race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

Hebrew Home now seeks dismissal of plaintiff's complaint.  For the reasons stated below, this

motion should be granted.

I.    <u>FACTS</u>

        Hebrew Home has moved to dismiss plaintiff's complaint for her failure to state a claim

or, in the alternative, for summary judgment and has included affidavits with its motion.[2]

---

[1]      Defendant is incorrectly named in the caption as "Hebrew Home for the Age."  <u>See</u>
Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Plaintiff's
Complaint, or in the Alternative, for Summary Judgment, filed Aug. 10, 2011 (Docket # 25) at 1.

[2]      <u>See</u> Notice of Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for
Summary Judgment, filed June 21, 2011 (Docket # 15); Affidavit of Scott T. Baken, Esq. in
Support of Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for
Summary Judgment, filed June 21, 2011 (Docket # 16) ("Baken Aff."); Memorandum of Law in
Support of Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for
Summary Judgment, filed June 21, 2011 (Docket # 17) ("Def.'s Mem."); Defendant's Local
Rule 56.1 Statement of Material Facts As to Which There Is No Genuine Issue to Be Tried, filed
June 21, 2011 (Docket # 18) ("Rule 56.1 Statement"); Defendant's Local Civil Rule 56.2 Notice
to <u>Pro Se</u> Litigant Opposing Motion for Summary Judgment, filed June 21, 2011 (Docket # 19)
("Rule 56.2 <u>Pro</u> <u>Se</u> Notice"); Defendant's Local Civil Rule 12.1 Notice to Pro Se Litigant Who

Defendants gave Reid notice in accordance with both Local Civil Rule 12.1 and Local Civil Rule 56.2 that her opposition to the motion had to include statements "in the form of affidavits."  Rule 56.2 Pro Se Notice at 2; Rule 12.1 Pro Se Notice at 2.  Reid submitted a letter in response.  See July 18 Letter.  While the July 18 Letter is unsworn, and thus improper under Federal Rule of Civil Procedure 56(c)(1), the Court will consider the factual assertions contained in the letter because they are consistent in material respects with Hebrew Home's version of events.  Reid has not otherwise responded to defendant's submission and the factual statements in the letter do not contradict the account contained in defendant's Rule 56.1 Statement.  Therefore, the Court deems the facts contained in defendant's Rule 56.1 Statement to be admitted by Reid.  See S.D.N.Y. Local Civ. R. 56.1(c); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citations omitted).

Thus, the following facts are either contained in the complaint, contained in the July 18 Letter, or are undisputed facts for which Hebrew Home has offered admissible evidence.

Marcia M. Reid, a black woman, is a nurse's aide.  Complaint, filed Feb. 28, 2011 (Docket # 2) ("Compl.") ¶¶ II.D–E; Rule 56.1 Statement ¶ 5.  In September 2009, Reid entered into an employment contract with Choice Care Professional Registry, Inc. ("Choice Care"), a temporary staffing agency.  Rule 56.1 Statement ¶¶ 2, 8; see also Choice Care Professional Registry, Inc. Employment Agreement, dated Sept. 8, 2009 (annexed as Ex. E to Baken Aff.) ("Employment Agreement").  Choice Care supplies its clients with nursing and home care

---

Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings, filed June 21, 2011 (Docket # 20) ("Rule 12.1 Pro Se Notice"); Letter from Marcia M. Reid to the Hon. Gabriel W. Gorenstein, dated July 18, 2011 (Docket # 24) ("July 18 Letter").

personnel.  See Employment Agreement ¶ 2.  The personnel it provides are employees of Choice

Care.  Id.  In her application for employment with Choice Care, Reid provided Choice Care with

some of her qualifications as a nurse's aide, including a New York State Department of Health

nurse's aide certification number.  Rule 56.1 Statement ¶ 10; see also Employment Application.

On or about October 15, 2009, Choice Care referred Reid to Hebrew Home for a

temporary assignment as a certified nurse's aide.  Rule 56.1 Statement ¶ 15.  Prior to Reid's first

day of work, Hebrew Home reviewed the documents regarding Reid that Choice Care had

supplied to it.  Id. ¶ 18.  During that process, Hebrew Home realized that Reid possessed a

similar name and an identical nurse's aide certification number to "Marcia A. Reid," a nurse's

aide previously employed by Hebrew Home whose employment terminated two days before

Reid's start date.  Id. ¶¶ 19–20.

Upon arriving at Hebrew Home for her first day of work, Reid went to an orientation

seminar.  Compl. ¶ II.E.  Prior to the beginning of the orientation class, Reid was approached by

a representative of Hebrew Home who accused her of having worked there previously, which

Reid denied.  Id.; Rule 56.1 Statement ¶ 22; July 18 Letter at 2.  The representative then

informed Reid that she would not be allowed to participate in the orientation program until she

clarified her credentials by submitting additional documentation corroborating her nurse's aide

certification number.  Rule 56.1 Statement ¶ 23.  According to Reid, the representative told Reid

to leave, began to shout and curse at her, and refused to go to a computer terminal to perform

any further verification.  July 18 Letter at 2.   Reid pointed out to the representative that the other

individual had a different middle initial.  Id. at 3.  The representative threatened to call the

police, id., and Reid eventually left the facility, id.; Rule 56.1 Statement ¶ 24.  Since that date,

Reid has not provided Hebrew Home with any additional information regarding her professional credentials.  Rule 56.1 Statement ¶ 25.

## II.    LAW GOVERNING SUMMARY JUDGMENT MOTIONS

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact is one that "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

When determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party.  See id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).  Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citations omitted).  In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S. at 256.  Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case."

Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (internal quotation marks, citation, and brackets omitted).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citation omitted); accord Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) ("A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial.  It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks and citation omitted); Feurtado v. City of New York, 337 F. Supp. 2d 593, 599–600 (S.D.N.Y. 2004).

Although the Second Circuit has noted that "an extra measure of caution" is needed in granting summary judgment in discrimination cases since direct evidence of discriminatory intent is rare, a finding of summary judgment is nonetheless appropriate for discrimination claims lacking a genuine issue of material fact.  Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006) (citation omitted); see also Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir.) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases."), cert. denied, 534 U.S. 993 (2001).

III.    DISCUSSION

Hebrew Home argues that the Court should dismiss Reid's complaint on various grounds.  See Def.'s Mem. at 7–19.  Because Reid has not shown that she suffered an adverse employment action, it is not necessary to reach the other grounds raised.

A.      Adverse Action Requirement

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to

hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "[T]o be

actionable under Title VII, the action that is alleged to [constitute unlawful discrimination] must

rise to the level of an 'adverse employment . . . action.'"  Patane v. Clark, 508 F.3d 106, 112 (2d

Cir. 2007) (quoting Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005)) (alteration

added; omission in original).

The Second Circuit has explained the meaning of an "adverse employment action" as

follows:

> We define an adverse employment action as a "materially adverse change" in the
> terms and conditions of employment.  To be materially adverse, a change in
> working conditions must be more disruptive than a mere inconvenience or an
> alteration of job responsibilities.  Examples of such a change include termination
> of employment, a demotion evidenced by a decrease in wage or salary, a less
> distinguished title, a material loss of benefits, significantly diminished material
> responsibilities, or other indices . . . unique to a particular situation.

Sanders v. N.Y.C. Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) (internal citations

omitted).

B.      Discussion

The undisputed facts reflect that at the time of Reid's arrival at the orientation, Hebrew

Home had a record that a different individual using a name almost identical to plaintiff's – and

with the identical nurse's aide certification number – had worked at the facility previously, but

was fired two days before.  Rule 56.1 Statement ¶¶ 19–20.  Accordingly, the representative

informed Reid that she would not be allowed to participate in the orientation program until she

clarified her credentials by submitting additional documentation corroborating her nurse's aide certification number.  Id.  ¶ 23.  Reid never returned to the facility.  Id. ¶ 25.

Given these facts, the action Hebrew Home took with respect to plaintiff was to burden her with the task of supplying Hebrew Home with additional documentation before she would be permitted to continue with the orientation.  We accept that no other student was required to obtain such documentation.  The requirement that Reid obtain additional documentation, however, could only be found by a reasonable jury to constitute "a mere inconvenience." Sanders, 361 F.3d at 755 (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003)).  Thus, it does not rise to the level of an "adverse employment action."  Numerous cases have deemed similar or more onerous requirements placed on employees as failing to constitute adverse employment actions.  See, e.g., Joseph v. N.Y.C. Dep't of Corr., 2011 WL 1843162, at *5 (E.D.N.Y. May 13, 2011) (upholding requirement that plaintiff file written reports); Solomon v. Southampton Union Free Sch. Dist., 2011 WL 3877078, at *8 (E.D.N.Y. Sept. 1, 2011) (upholding requirement that plaintiff provide medical documentation for sick leave request); Carter v. New York, 310 F. Supp. 2d 468, 479 (N.D.N.Y. 2004) (upholding requirement that plaintiff document travel expenses); Hahn v. Attica, 2000 WL 33159187, at *8 (W.D.N.Y. Dec. 1, 2000) (upholding requirement that plaintiff file written report to obtain bereavement leave). Similarly, Reid's being yelled at did not constitute an adverse action either.  See, e.g., McPherson v. City of New York, 2011 WL 4431163, at *8 (S.D.N.Y. Sept. 23, 2011) ("yell[ing] and "carr[ying] on" at plaintiff not adverse action); Pappas v. N.Y.C. Bd. of Educ., 2011 WL 128509, at *3 n.3 (E.D.N.Y. Jan. 14, 2011) (being yelled at not adverse action) (citing cases); Katz v. Beth Israel Med. Ctr., 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001) (being "yelled at by supervisors" not adverse action) (citing cases).

7

In sum, because Reid was not the subject of an adverse employment action, her claim under Title VII must fail.

VI.     <u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion to dismiss or in the alternative for summary judgment (Docket # 15) should be granted.

**PROCEDURE FOR FILING OBJECTIONS TO THIS**
**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  <u>See also</u> Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Daniels.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 11, 2012
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Marcia M. Reid
2915 Seymour Ave.
Bronx, NY 10469

Scott T. Baken
Michael A. Frankel
Jackson Lewis LLP
One North Broadway, Suite 1502
White Plains, NY 10601

In sum, because Reid was not the subject of an adverse employment action, her claim under Title VII must fail.

VI.    CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss or in the alternative for summary judgment (Docket # 15) should be granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 11, 2012
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

8