UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
MARCIA M. REID,                       :

                Plaintiff,           :

           -against-                :  MEMORANDUM DECISION
                                                   AND ORDER
HEBREW HOME FOR THE AGE,              :  11 Civ. 1408 (GBD)(GWG)

                Defendants.          :

------------------------------------- X

GEORGE B. DANIELS, District Judge:

    Pro se plaintiff Marcia M. Reid ("Plaintiff") brings this action alleging that defendant The Hebrew Home at Riverdale[1] ("Hebrew Home") discriminated against her by failing to hire her on account of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Plaintiff, a black woman, is a nurse's aide. Plaintiff had been referred to Defendant for a temporary assignment as a certified nurse's aide by a temporary staffing agency by which Plaintiff was employed. Plaintiff alleges that on her first day of work at Hebrew Home, Defendant's representative accused her being a person with a similar name who had been terminated two days before. Plaintiff alleges that Defendant's representative then refused to permit Plaintiff to participate in an orientation program until she submitted documentation corroborating her nurse's aide certification number and demonstrating that she was not the person who had previously worked there. Plaintiff further alleges that Defendant's representative then told her to leave, began to shout and curse at her, threatened to call the police, and refused to verify that her photo was in the system at a nearby computer terminal. As a result, Plaintiff left the premises and did not return there to work.

---

[1] Defendant is incorrectly named in the caption as "Hebrew Home for the Age."

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim, or alternatively for summary judgment on the grounds that (1) Plaintiff has not alleged an adverse employment action; (2) Plaintiff has not alleged facts that plausibly suggest Defendant discriminated against her based upon race; (3) Defendant had no employment relationship with Plaintiff; and (4) even if any adverse employment action was taken, such action was taken based upon legitimate, non-discriminatory reasons. This Court referred the matter to Magistrate Judge Gabriel W. Gorenstein for his Report and Recommendation ("Report"). Magistrate Judge Gorenstein recommended that Defendant's motion to dismiss, or in the alternative for summary judgment, be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute

a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Gorenstein properly determined that Plaintiff has failed to establish a prima facie case of Title VII discrimination because she was not the subject of an adverse employment action. See Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005) ("In order to make out a prima facie case of discrimination in violation of Title VII, a plaintiff must show that . . . an adverse employment action took place . . .") The undisputed facts demonstrate that Defendant required that Plaintiff supply additional documentation before she be permitted to continue with orientation. This requirement could only be found by a reasonable jury to be a "mere inconvenience," and did not rise to an adverse employment action. See, e.g. Joseph v. N.Y.C. Dep't of Corr., 10 Civ. 1265, 2011 WL 1843162, at *5 (E.D.N.Y. May 13, 2011); Solomon v. Southampton Union Free Sch. Dist., 08 Civ. 4822, 2011 WL 3877078, at *8 (E.D.N.Y. Sept. 1, 2011); Carter v. New York, 310 F. Supp. 2d 468, 479 (N.D.N.Y. 2004). Similarly, the Hebrew Home representative's yelling and cursing at Reid did not constitute an adverse employment action. See, e.g., McPherson v. City of New York, 09 Civ. 4682, 2011 WL 4431163, at *8 (S.D.N.Y. Sept. 23, 2011) ("yell[ing and carrying on" at plaintiff not adverse action); Katz v. Beth Israel Med. Ctr., 95 Civ. 4682, 2001 WL 11064, at *14 (S.D.N.Y. Jan 4, 2001) (being "yelled at by supervisors" not adverse action) (citing cases).

Plaintiff has also not sufficiently alleged that any employment action taken "occurred under circumstances giving rise to an inference of discrimination based on [her] membership in [a] protected class." Dawson, 398 F.3d at 216. In her complaint, Plaintiff merely alleges that

3

Defendant's acts were taken "because of [her] race." See Compl. at 3. This conclusory statement without more is insufficient to support a race discrimination claim.

## Conclusion

Defendant's motion to dismiss Plaintiff's complaint, or in the alternative for summary judgment, is GRANTED.

Dated: New York, New York
       March 2, 2012

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge